**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RUBEN BORDEN-VASALLO,                )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )         Case No. 20-cv-2104-HLT-TJJ
                                     )
MIAMI COUNTY SHERIFF'S OFFICE, et al., )
                                     )
                    Defendants.      )

**MEMORANDUM AND ORDER**

Plaintiff filed a Written Notice of Claim Under the Kansas Tort Claims Act Pursuant to

K.S.A. § 12-105b(d) in Miami County, Kansas on December 30, 2019.[1] Plaintiff alleges he was

injured while being transported by the Defendant Miami County Sheriff's Deputies from the

Miami County Courthouse to the El Dorado Correctional Facility. Plaintiff claims the Defendant

Deputies failed to fasten Plaintiff's seatbelt and then braked the transport vehicle suddenly,

causing Plaintiff to fall from his seat and sustain injuries. Defendants removed the case to this

Court on March 5, 2020.[2] On April 7, 2020, Defendants filed a Motion to Stay Discovery and

Other Pretrial Proceedings,[3] which the Court considers now. The Court also considers Plaintiff's

Motion to Contest and to Strike from Record the Defendant's Motion to Stay Discovery and

Other Pretrial Proceedings.[4] For the reasons discussed below, the Court grants Defendants'

motion to stay and denies Plaintiff's motion to strike.[5]

---

[1] ECF No. 1-2.

[2] ECF No. 1. Pursuant to 28 U.S.C. § 1446(b)(3), the case was timely removed within 30 days after receipt by Defendants of Plaintiff's written discovery responses stating for the first time that Plaintiff is alleging Constitutional claims removable to this Court.

[3] ECF No. 9.

[4] ECF No. 19.

[5] The Court defers ruling on the several other pending motions Plaintiff has filed.

## I.     Legal Standard

Whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[6] "The general policy in this district is not to stay discovery even though dispositive motions are pending."[7] There are exceptions, however, to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[8]

Additionally, a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery.[9] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[10] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[11] Further, qualified immunity is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[12]

---

[6] *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).

[7] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[8] *Id.*

[9] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

[10] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

[11] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[12] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

## II.    Analysis

Defendants request a stay of all discovery pending ruling on the motion for summary judgment, which seeks dismissal based in part on qualified immunity. Defendants argue no discovery is necessary to resolve the qualified immunity question because they have admitted that the Deputies did not fasten Plaintiff's seatbelt during the transport at issue.[13] Plaintiff objects to the stay,[14] arguing the Deputies "must be required to participate in discovery" because they failed to fasten Plaintiff's seatbelt during transport.[15]

The Court notes that "[a]lthough discovery generally should be avoided once qualified immunity is raised, there are some circumstances when narrow discovery is permitted."[16] But, the plaintiff bears the burden to demonstrate how such discovery will raise a genuine issue of fact as to the defendant's qualified immunity claim.[17] Plaintiff says he wants copies of his medical records but does not explain how the discovery he requests would assist him in raising a genuine issue of fact as to Defendants' qualified immunity claim, particularly in light of Defendants' admission that the Deputies did not fasten Plaintiff's seatbelt.

The Court is not persuaded that discovery is necessary in order for Plaintiff to respond to the pending motion for summary judgment. Plaintiff argues that he needs the records so "the

---

[13] ECF No. 10 at 2.

[14] Plaintiff did not file a response in opposition to Defendants' motion but rather a motion to strike. However, the Court construes the motion to strike as an objection to the request for a stay. The Court also notes that Plaintiff subsequently filed a Reply Motion in Support of Plaintiff's Motion Against the Defendant's Request to Stay Discovery and Other Pretrial Proceedings (ECF No. 32). It is unclear whether this is an impermissible surreply to Defendants' motion to stay, or a reply to Plaintiff's motion to strike. Defendants did not file a response to Plaintiff's motion to strike and instead, like the Court, apparently construed the motion to strike as a response in opposition to their motion to stay (*see* ECF No. 25). As a result, a reply brief is not appropriate. Thus, regardless of whether Plaintiff intended his reply to be for his own motion or as a surreply to Defendants' motion, the Court does not consider it.

[15] ECF No. 19 at 1–2.

[16] *Martin v. Cty. of Santa Fe*, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (internal citation omitted).

[17] *Id.* (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir.1994)).

Court can make an accurate decision on granting damages to the Plaintiff."[18] But that argument misses the point. Plaintiff fails to state whether or how his medical records or any other documents he seeks to obtain will help him argue the qualified immunity issue and that there is a genuine issue of fact in this case. To the contrary, the Court finds that the discovery Plaintiff wishes to pursue would go to his alleged damage claims.

The Court further finds that, until the threshold qualified immunity question is resolved in this case, discovery should not be allowed. Because qualified immunity is an immunity from suit and not merely a defense to liability, the Court will not require the Defendants to engage in potentially expensive and time-consuming discovery unless and until after the qualified immunity question is decided. Therefore, the Court stays discovery and all other pretrial proceedings in this case except for briefing on Defendants' Motion for Summary Judgment, including filing of Defendants' reply.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay Discovery and Other Pretrial Proceedings (ECF No. 9) is granted. All discovery and all other pretrial proceedings in this case except for briefing on Defendants' Motion for Summary Judgment, including filing of Defendants' reply, shall be stayed pending further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Contest and to Strike from Record the Defendant's Motion to Stay Discovery and Other Pretrial Proceedings (ECF No. 19) is denied.

---

[18] ECF No. 20 at 2.

**IT IS SO ORDERED.**

Dated April 25, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge